# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jane Doe and John Doe, *on behalf of themselves and all others similarly situated,*<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Knox College, Inc.,<br><br>　　　　　　　Defendant. | Case No. 4:23-cv-04012-SLD-JEH<br><br>Judge Sara Darrow<br><br>Magistrate Judge Jonathan E. Hawley |
| Rachael Morrissey, *on behalf of herself and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Knox College, Inc.,<br><br>　　　　　　　Defendant. | Case No. 4:23-cv-04019-SLD-JEH<br><br>Judge Sara Darrow<br><br>Magistrate Judge Jonathan E. Hawley |
| Le'Andra Mosley, *on behalf of herself and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Knox College, Inc.,<br><br>　　　　　　　Defendant. | Case No. 4:23-cv-04023-SLD-JEH<br><br>Judge Sara Darrow<br><br>Magistrate Judge Jonathan E. Hawley |

**JOINT MOTION TO CONSOLIDATE**

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 42 and C.D. Ill. L.R. 42.1, Plaintiffs Jane Doe and John Doe and Plaintiffs in the related cases, *Morrissey v. Knox College, Inc.*, Case No. 4:23-cv-04019-SLD-JEH ("*Morrissey* action") and *Mosley v. Knox College, Inc.*, Case No. 4:23-cv-04023-SLD-JEH ("*Mosely*" action), respectfully request that the Court consolidate the *Morrissey* and *Mosley* actions with the first-filed action, *Doe et al. v. Knox College, Inc.*, Case No. 4:23-cv-04012-SLD-JEH.

By way of background, on January 20, 2023, Plaintiff Jane Doe filed a class action complaint against Knox College, Inc. ("Defendant") alleging various claims arising from a data breach in November 2022. ECF No. 1. Plaintiff Jane Doe subsequently amended her complaint on February 6, 2023, adding an additional Plaintiff, John Doe. ECF No. 4. On February 1, 2023, Rachael Morrissey filed the *Morrissey* action and then on February 3, 2023, Le'Andra Mosley filed the *Mosley* action. Both the *Morrissey* and *Mosley* actions allege substantially identical facts and claims as the *Doe* suit. Thus, three related actions (*Doe*, *Morrissey*, and *Mosley*) (collectively, the "Related Actions") are currently pending in the Central District of Illinois, and each Related Action has been assigned to this Court. Given that the Related Actions each arise from the same operative facts surrounding a cyberattack and data breach of Defendant's computer systems in November 2022 2022, Plaintiffs jointly and respectfully ask for this Court to grant Plaintiffs' Motion to Consolidate. A proposed order is submitted for the Court's consideration.

II. **LEGAL STANDARD**

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to

1

consolidate "is committed to the district court's discretion[.]" *In re Caterpillar Inc. S'holder Derivative Litig.*, No. 113CV01104SLDJEH, 2015 WL 12806591, at *2 (C.D. Ill. Sept. 21, 2015); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011).

Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a). FRCP 42 permits consolidation of cases involving common questions of law or fact. Consolidation is meant to promote judicial convenience and judicial economy. *See Blair v. Equifax Check Servs. Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."). In exercising its discretion to consolidate, the Court should consider "the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts and whether consolidation will delay the proceedings, [], as well as the risk of jury confusion and impact of consolidation on each party's right to receive a fair trial." *In re Caterpillar Inc. S'holder Derivative Litig.*, 2015 WL 12806591, at *2 (internal citations omitted).

III. **ARGUMENT**

A. **Plaintiffs' Common Factual Allegations**

Plaintiffs in each of the Related Actions allege that their sensitive and private information was compromised in the same data breach arising from a cyberattack on Defendant's computer systems. Plaintiffs are individuals who received the same notice letter from Defendant in January 2023 notifying them that their Private Information was compromised in a cyberattack on Defendant's systems ("Breach Letter"). *Doe*, ECF No. 4, at ¶¶ 6, 14; *Morrissey*, ECF No. 3, at ¶¶

2

2, 14; *Mosley*, ECF No. 1, at ¶ 12. The types of sensitive information allegedly exposed in each of the Related Actions is the same, and includes names, addresses, Social Security numbers, driver's license numbers, and passport numbers ("Private Information"). *Doe*, ECF No. 4, at ¶ 5; *Morrissey*, ECF No. 3, at ¶ 3; *Mosley*, ECF No. 1, at ¶ 5. Furthermore, Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the cyberattack to occur. *Doe*, ECF No. 4, at ¶¶ 44-49; *Morrissey*, ECF No. 3, at ¶¶ 44-48; *Mosley*, ECF No. 1, at ¶¶ 36-42.

### B. Plaintiffs' Common Liability Allegations

In addition, the Related Actions each advance at least the following common theories of liability among various other claims, including the following causes of action: (i) negligence, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.[1] To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of each Plaintiff and the putative Class.

### C. Plaintiffs Seek Common Remedies under Similar Class Definitions

Each of the Related Actions seek nationwide class action treatment (in addition to certain state subclasses) and request the same type of remedies and compensation for the individuals impacted by the Data Breach. The remedies collectively sought include compensatory damages related to economic losses allege to be caused by the Data Breach among other common remedies sought. *Doe*, ECF No. 4, at pg. 43; *Morrissey*, ECF No. 3, at pg. 28; *Mosley*, ECF No. 1, at pg. 49. Furthermore, Plaintiffs each seek to certify these damages classes with substantially similar class

---

[1] The *Doe* action also advances a claim for violation of the California Consumer Privacy Act and California Unfair Competition law on behalf of Jane Doe, who is a California resident, as well as claims for invasion of privacy and Declaratory Judgment. The *Morrissey* action also advances a c1laim for violation of the Maryland Personal Information Protection Act on behalf of Plaintiff Morrissey, who is a Maryland resident. And the *Mosley* action also advances claims for breach of express contract, invasion of privacy, and violation of the Illinois Personal Information Protection Act. However, each of these claims arises out of the same factual allegations regarding Defendant's Data Breach.

definitions:

| Case Name | Class Definition |
|---|---|
| *Doe* (ECF No. 4, ¶ 98). | Nationwide Class:<br>All individuals residing in the United States whose PII and PHI was compromised in the Data Breach disclosed by Knox in January 2023, including all those who were sent a notice of the Data Breach.<br><br>California Subclass:<br>All individuals residing in California whose PII and PHI was compromised in the Data Breach disclosed by Knox in January 2023, including all those who were sent a notice of the Data Breach. |
| *Morrissey* (ECF No. 3, ¶¶65-67). | Nationwide Class:<br>All natural persons residing in the United States whose SPI was compromised in the Data Breach announced by Defendants on or about January 3, 2023.<br><br>Illinois Subclass:<br>All natural Illinois residents whose SPI was compromised in the Data Breach announced by Defendants on or about January 3, 2023.<br><br>Maryland Subclass:<br>All natural Maryland residents whose SPI was compromised in the Data Breach announced by Defendants on or about January 3, 2023. |
| *Mosley* (ECF No. 1, ¶ 129) | Nationwide Class:<br>All individuals residing in the United States whose PII was compromised in the data breach first announced by Defendant on or about January 3, 2023.<br><br>Illinois Subclass:<br>All individuals residing in the State of Illinois whose PII was compromised in the data breach first announced by Defendant on or about January 3, 2023. |

### D. The Related Actions Should Be Consolidated to Reduce Costs and Delay

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the cyberattack and data breach.

4

Specifically, each of the Related Actions focuses on whether Defendant is liable to its current and former students and employees for its failure to protect their Private Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same defendant; involve the same cyberattack and data breach and involve the same types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, reduce delay and cost. *See U.S. Bank Nat'l Ass'n v. Springfield Prairie Properties, LLC*, No. 3:15-CV-3199, 2015 WL 13333510, at *2 (C.D. Ill. Dec. 16, 2015) ("Because both cases involve common questions of fact, the Court finds that consolidation under Rule 42 will promote judicial economy, conserve resources, and avoid inconsistent rulings.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. Data Breach cases are routinely consolidated in federal courts around the country as explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a cyberattack and data breach case:

> Applying the relevant factors from Hendrix, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. Id. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be

5

> substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and Hendrix, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016). Federal courts in Illinois have previously consolidated cases where several complaints are filed relating to the same data breach. *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690 (7th Cir. 2015) ("These disclosures prompted the filing of a number of class-action complaints. They were consolidated in a First Amended Complaint filed on June 2, 2014, by Hilary Remijas, Melissa Frank, Debbie Farnoush, and Joanne Kao. They sought to represent themselves and the approximately 350,000 other customers whose data may have been hacked."); *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 5159095, at *2 (N.D. Ill. Oct. 14, 2014) ("After granting the motions to reassign and consolidate the four cases filed in this district, I gave Plaintiffs three weeks to file a consolidated complaint.").

Here, each case identifies putative Rule 23 classes and asserts substantially identical factual allegations and claims against the same Defendant, arising from the same data breach. Each case is in its infancy. Counsel for Defendant has not yet appeared in any of the Related Actions, and no responsive pleading has been filed in any action. Thus, consolidation and reassignment will streamline three equivalent actions, promoting judicial economy and efficiency. Allowing these

cases to proceed individually would strain judicial resources, as the cases have been assigned to different judges. Moreover, consolidation imposes no prejudice. Plaintiffs in the *Doe, Morrissey*, and *Mosley* actions agree that consolidation of their claims into one action for both pre-trial proceedings and trial is not only appropriate, but also necessary to avoid duplicative efforts and potentially conflicting rulings.

### IV.  CONCLUSION

Accordingly, Plaintiffs request that the Court enter an order consolidating the three actions into the first-filed case: *Doe et al. v. Knox College, Inc.*, Case No. 4:23-cv-04012-SLD-JEH.

Dated: February 7, 2023                               Respectfully Submitted,

*/s/ Mary C. Turke*
Mary C. Turke
mary@turkestrauss.com
Samuel J. Strauss
sam@turkestrauss.com
Raina C. Borrelli
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone (608) 237-1775
Facsimile: (608) 509-4423

*Counsel for Plaintiffs Jane Doe and John Doe and the Proposed Class*

Carl V. Malmstrom
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Counsel for Rachael Morrissey and the Proposed Class*

        Gary M. Klinger
        MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
        227 W. Monroe Street, Suite 2100
        Chicago, IL 60606
        Telephone: (202) 429-2290
        *gklinger@milberg.com*

        *Counsel for Plaintiff Le'Andra Mosely and the Putative Class*

## CERTIFICATE OF SERVICE

    I, Mary C. Turke, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 7th day of February, 2023.

                                  TURKE & STRAUSS LLP

                                  By:  */s/ Mary C. Turke*
                                        Mary C. Turke
                                        mary@turkestrauss.com
                                        TURKE & STRAUSS LLP
                                        613 Williamson St., Suite 201
                                        Madison, WI 53703
                                        Telephone: (608) 237-1775
                                        Facsimile: (608) 509-4423